Slip Op. 19-46

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ABB INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　Defendant,<br><br>　　and<br><br>HYOSUNG CORPORATION, HYUNDAI HEAVY INDUSTRIES CO., LTD., AND HYUNDAI CORPORATION USA,<br><br>　　　　Defendant-Intervenors. | Before: Mark A. Barnett, Judge<br>Consol. Court No. 16-00054 |

## OPINION AND ORDER

[Denying Hyundai Heavy Industries, Co., Ltd. and Hyundai Corporation, USA's motion for reconsideration.]

Dated: April 12, 2019

Melissa M. Brewer and R. Alan Luberda, Kelley Drye & Warren LLP, of Washington, DC, for Plaintiff.

John J. Todor, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant.  With him on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.  Of Counsel on the brief was David W. Richardson, Senior Counsel, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

David E. Bond, William J. Moran, and Ron Kendler, White & Case LLP, of Washington, DC, for Defendant Intervenors Hyundai Heavy Industries, Co., Ltd.[1] and Hyundai Corporation USA.

Barnett, Judge: Before the court is a motion for reconsideration filed by Hyundai Heavy Industries, Co., Ltd. and Hyundai Corporation, USA (collectively "Hyundai") pursuant to Rule 59(e) of the U.S. Court of International Trade ("USCIT"). *See* Confidential Def.-Ints.' Mot. for Recons. ("Mot. for Recons."), ECF No. 133. Hyundai requests that the court reconsider its decision sustaining the U.S. Department of Commerce's ("Commerce" or "the agency") use of facts available in applying the agency's capping methodology to service-related revenue with respect to transactions based on communications between Hyundai and Hyundai's unaffiliated customers. *See ABB Inc. v. United States*, 42 CIT __, __, 355 F. Supp. 3d 1206, 1217-23 (2018). Plaintiff, ABB Inc., and Defendant, United States, oppose the motion on the basis that Hyundai improperly re-litigates issues addressed and rejected by the court. *See* Pl.'s Resp. in Opp'n to Def.-Ints.' Mot. for Recons. at 3, ECF No. 139; Def.'s Resp. to Mot. for Recons. at 4, ECF No. 145. For the reasons that follow, Hyundai's motion is denied.

## BACKGROUND

In *ABB Inc.*, the court addressed challenges to Commerce's remand redetermination in the second administrative review of the antidumping duty order on large power transformers from the Republic of Korea for the period of review August 1,

---

[1] Hyundai Electric & Energy Systems Co., Ltd. is the successor-in-interest to Hyundai Heavy Industries, Co., Ltd. *See* Letter from David E. Bond, Attorney, White & Case LLP, to the Court (Sept. 12, 2018), ECF No. 120.

2013, through July 31, 2014.  *ABB Inc.*, 355 F. Supp. 3d at 1210;[2] *see also* Confidential Final Results of Redetermination Pursuant to Court Remand ("Remand Results"), ECF No. 96.  Relevant here, the court analyzed whether substantial evidence supports Commerce's finding that Hyundai "refused to provide the necessary information for Commerce to apply its capping methodology" to service-related revenue.  *ABB Inc.*, 355 F. Supp. 3d at 1217-18.  The court concluded that "substantial evidence supports Commerce's finding that Hyundai failed to provide information necessary for Commerce to apply its capping methodology" with respect to "those transactions for which Commerce identified communications (e.g., purchase orders and invoices) between Hyundai and its unaffiliated customers indicating that the provision of those services may reasonably have been separately negotiable."  *Id.* at 1221.  Hyundai now contends that the court made a factual error in reaching its conclusion and the court's "conclusion appears to be inconsistent with other aspects of its ruling."  Mot. for Recons. at 2-4.

## JURISDICTION

The court has jurisdiction pursuant to § 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2012), and 28 U.S.C. § 1581(c).

## DISCUSSION

### I. Standard of Review

Pursuant to USCIT Rule 59(e), the court may consider "[a] motion to alter or amend a judgment," which is served "no later than 30 days after the entry of the judgment."  USCIT Rule 59(e).  "'Judgment' . . . includes a decree and any order from

---

[2] *ABB Inc.* contains further background information on this case, familiarity with which is presumed.

which an appeal lies." USCIT Rule 54(a).[3] As a general rule, "[a]n order remanding a matter to an administrative agency for further findings and proceedings is not final," and therefore, not appealable.[4] *Cabot Corp.*, 788 F.2d at 1542-43 (dismissing an appeal of a USCIT order that "resolve[d] an important legal issue" but remanding the matter to the administrative agency for further findings and proceedings because the order was not final).

In *ABB Inc.*, the court considered Hyundai's claims that Commerce's use of facts available with an adverse inference was unsupported by substantial evidence and contrary to law. *ABB Inc.*, 335 F. Supp. at 1216-23. The court sustained Commerce's use of facts available but remanded Commerce's decision to use an adverse inference in selecting among the facts available. *Id.* at 1223. The decision in *ABB Inc.* is not a final appealable order, *see Cabot Corp.* 788 F.2d at 1542, but instead is an interlocutory order, *see NSK Corp. v. United States*, 32 CIT 1497, 1502, 593 F. Supp. 2d 1355, 1362 (2008) (characterizing a remand order as an interlocutory order).[5] Accordingly, because the court's decision in *ABB Inc.* is not final, USCIT Rule 59(e) does not apply.

USCIT Rule 59(e), however, is not the only provision pursuant to which the court may reconsider an order. Pursuant to USCIT Rule 54(b), "any order or other decision . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the

---

[3] A "final decision" of the U.S. Court of International Trade is appealable to the U.S. Court of Appeals for the Federal Circuit. 28 U.S.C. § 1295(a)(5). A decision is final only when it "ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *Cabot Corp. v. United States*, 788 F.2d 1539, 1542 (Fed. Cir. 1986) (quoting, *inter alia*, *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373 (1981)).
[4] Any potential exceptions to this rule are inapplicable.
[5] When numerous claims for relief are presented, the court may direct entry of a final judgment on fewer than all claims "only if the court expressly determines that there is no just reason for delay." USCIT Rule 54(b). The court has not done so in this case.

claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims . . . ." USCIT Rule 54(b); *see also Beijing Tianhai Indus. Co., Ltd. v. United States*, 41 CIT __, __, 234 F. Supp. 3d 1322, 1328 (2017) ("This [c]ourt has held that it may reconsider a prior, non-final decision pursuant to its plenary power, which is recognized by Rule 54(b).") (citations omitted). The court has the discretion to reconsider a prior decision under USCIT Rule 54(b) "as justice requires, meaning when the court determines that reconsideration is necessary under the relevant circumstances." *Irwin Indus. Tool Co. v. United States*, 41 CIT __, __, 269 F. Supp. 3d 1294, 1301 (2017), *aff'd*, No. 2018-1215, 2019 WL 1523053 (Fed. Cir. Apr. 9, 2019) (internal quotation marks and citation omitted). A motion for reconsideration is not, however, an opportunity for the losing party "to re-litigate the case or present arguments it previously raised." *Totes-Isotoner Corp. v. United States*, 32 CIT 1172, 1173, 580 F. Supp. 2d 1371, 1374 (2008). The court will consider Hyundai's motion pursuant to USCIT Rule 54(b).

II. **Hyundai's Motion for Reconsideration is Denied**

Hyundai claims that the court incorrectly concluded that Hyundai did not provide Commerce with requested information that would have enabled the agency to apply its capping methodology until verification in the underlying review. Mot. for Recons. at 2-3. Hyundai avers that the court overlooked that Hyundai submitted sales documentation for SEQU 11—one of five U.S. sales that Commerce examined at verification—two months before verification, and this documentation demonstrated that Hyundai had a breakout of service-related revenue. *Id.* at 2; *see also ABB Inc.*, 355 F. Supp. 3d at 1215 n.15 (listing the sales that Commerce examined). Hyundai further avers that the

SEQU 11 documentation "was indistinguishable from the invoices reviewed at verification with respect to the presentation of separate revenue for services." Mot. for Recons. at 3. While recognizing that the court specifically addressed Hyundai's placement of SEQU 11 documentation on the record before verification, *id.* at 3 (citing *ABB Inc.*, 355 F. Supp. 3d at 1222 n.25), Hyundai next claims that the court failed to give due weight to that documentation and advances several reasons why the court should reconsider its decision, *id.* at 3-7. The court first addresses Hyundai's claim that the court made a factual error in its decision, then addresses the merits of Hyundai's arguments for why reconsideration is necessary.

    A.    **The court did not make a factual error in its decision in *ABB Inc.***

The issue addressed by the court was whether Hyundai failed to provide Commerce information in the form and manner that Commerce requested. *See ABB Inc.*, 355 F. Supp. 3d at 1217-19. Commerce specifically asked Hyundai to report the gross unit price as follows: "If the invoice to your customer includes separate charges for other services directly related to the sale, . . . create a separate field for reporting each additional charge." *Id.* at 1217-18 (quoting Initial Antidumping Duty Questionnaire (Dec. 1, 2014) at C-18,[6] CRJA Tab 4, PRJA Tab 4, PR 25, ECF No. 113 at C-18)). Despite the fact that Hyundai had multiple invoices to U.S. customers that contained separate line items for services, Hyundai failed to create separate fields for the price of those services in its reporting methodology, thereby failing to respond to the agency's

---

[6] The administrative record for this case is divided into a Public Administrative Record, ECF No. 27-3, and a Confidential Administrative Record ("CR"), ECF No. 27-4. Parties submitted joint appendices containing record documents cited in their remand briefs. *See* Confidential Remand Proceeding J.A. ("CRJA"), ECF No. 113; Public Remand Proceeding J.A. ("PRJA"), ECF No. 114.

questionnaire in the form and manner requested. *Id.* at 1218-19 & n.19.[7] Instead, Hyundai "provided a seemingly complete response to Commerce's initial questionnaire," *id.* at 1222; *see also id.* at 1218 (discussing Hyundai's response), and did not notify Commerce that it had invoices with separate line items for services, which would have alerted the agency to the deficiencies in Hyundai's initial response.

In a supplemental questionnaire, Hyundai explained that "when the purchase order and invoice included separate line items for services," Hyundai "included the separately listed revenue in the gross unit price for the LPT." *Id.* at 1218 n.18. Nowhere in this explanation, however, did Hyundai reference the SEQU 11 documentation or point to any other documentation alerting Commerce to the existence of such invoices. Hyundai had provided the SEQU 11 documentation with its May 13, 2015, supplemental response without any explanation; it "was not until Commerce sorted through Hyundai's sales documentation [at verification] that the agency recognized that Hyundai's documentation was inconsistent with its reporting." *Id.* at 1222.

Moreover, in *ABB Inc.,* the court addressed Hyundai's claims that the sales documentation for SEQU 11 was on the record before verification. *ABB Inc.*, 355 F. Supp. 3d at 1222 n.25. Indeed, Hyundai's renewed claim in this motion that it had documentation that demonstrated a breakout of service-related revenue only confirms the court's conclusion that Hyundai failed to provide a complete response to Commerce's questionnaire in the form and manner requested.

---

[7] Hyundai does not challenge the court's finding that Hyundai failed to create the separate fields in accordance with Commerce's request.

### B.   Justice does not require reconsideration

Hyundai first claims that the court should reconsider its decision because Commerce "reached the opposite conclusion" to the court's decision in the final results of the review underlying this appeal.  *Id.* at 3-4 (quoting Issues and Decision Mem., A–580–867 (Mar. 8, 2016) at 50, ECF No. 27-2, accompanying *Large Power Transformers from the Republic of Korea*, 81 Fed. Reg. 14,087 (Dep't Commerce March 16, 2016) (final determination of sales at less than fair value)).  Hyundai's argument lacks merit because Commerce requested and was granted a remand to reconsider the record on this issue and ensure that it was properly applying its revenue-capping methodology.  *See ABB Inc.*, 355 F. Supp. 3d at 1210; *ABB, Inc. v. United States*, 41 CIT__, __, 273 F. Supp. 3d 1200, 1205-06 (2017); *see also SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) (it is usually appropriate to grant a remand request when the agency, without confession of error, raises a concern that is substantial and legitimate).  Upon reconsideration of the record, Commerce reached a different conclusion with respect to Hyundai's reporting, which it was permitted to do provided it explained its determination and supported its findings with substantial evidence.  *See Nakornthai Strip Mill Public Co. Ltd., v. United States,* 32 CIT 1272, 1274, 587 F. Supp. 2d 1303, 1306 (2008) (reviewing remand determination for compliance with the court's remand order and applying the standard of review set out in 19 U.S.C. § 1516a(b)(1)(B)).[8]

Hyundai next argues that the court's conclusion that the invoices reviewed at verification were directly responsive to the agency's request for information regarding separately negotiated revenues and demonstrated a failure to provide that requested

information "appears to be inconsistent with other aspects of its ruling." Mot. for Recons. at 4. Hyundai does not identify the alleged inconsistency, except it argues that the SEQU 11 documentation that was on the record prior to verification "provided the same information for a different sale." *Id.* As the court explained above, Hyundai did not provide the SEQU 11 documentation in response to Commerce's specific questions concerning service-related revenue and did not reference it when responding to Commerce's supplemental questions on this subject. *Supra* Discussion Section II.A; *see also ABB Inc.*, 355 F. Supp. 3d at 1222 n.25 ("While Hyundai explained its reporting methodology, it did not alert the agency to the existence of the very information—to wit, invoices—that the agency had requested but Hyundai was choosing not to provide in the manner requested by Commerce.").

Hyundai last argues that the court failed to give appropriate weight to the agency's acceptance of Hyundai's reporting in the original investigation that it had no service-related revenues. Mot. for Recons. at 4-6. According to Hyundai, the agency's acceptance of Hyundai's reporting reflected the agency's adoption of a "definition" of service-related revenue, upon which Hyundai was entitled to rely in this review. *Id.* at 5-6. Hyundai's arguments on this point amount to nothing more than disagreement with the court's decision, *see ABB Inc.*, 355 F. Supp. 3d at 1221, which is an insufficient basis for reconsideration, *see Irwin Indus. Tool Co.*, 269 F. Supp. 3d at 1301.

### CONCLUSION

For the foregoing reasons, it is

---

[8] At oral argument, the Government stated that Commerce's decision as articulated in the Issues and Decision Memorandum was incorrect. Oral Arg. Tr. at 28:24-29:5.

**ORDERED** that Hyundai's motion for reconsideration is **DENIED**.

                                                              /s/      Mark A. Barnett
                                                                          Judge

Dated: April 12, 2019
       New York, New York