Slip Op. 20-72

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ABB INC., <br><br>          Plaintiff, <br><br>v. <br><br>UNITED STATES, <br><br>          Defendant, <br><br>and <br><br>HYUNDAI HEAVY INDUSTRIES CO., LTD. AND HYUNDAI CORPORATION USA, <br><br>          Defendant-Intervenors. | Before: Mark A. Barnett, Judge <br> Court No. 16-00054 |

## OPINION

[Sustaining the U.S. Department of Commerce's third remand results.]

Dated: May 26, 2020

Melissa M. Brewer, R. Alan Luberda and David C. Smith, Kelley Drye & Warren LLP, of Washington, DC, for Plaintiff ABB Inc.

John J. Todor, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC.  Of counsel was David W. Richardson, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

David E. Bond, Ron Kendler, Walter J. Spak, and William J. Moran, White & Case LLP, of Washington, DC, for Defendant-Intervenors Hyundai Heavy Industries, Co., Ltd.[1] and Hyundai Corporation USA.

---

[1] Hyundai Electric & Energy Systems Co., Ltd. is the successor-in-interest to Hyundai Heavy Industries, Co., Ltd.  See Letter from David E. Bond, Attorney, White & Case LLP, to the Court (Sept. 12, 2018), ECF No. 120.

     Barnett, Judge:  This matter is before the court following the U.S. Department of Commerce's ("Commerce" or "the agency") third redetermination upon remand.  *See* Final Results of Redetermination Pursuant to Court Remand (Apr. 26, 2019) ("Third Remand Results"), ECF No. 182-1.  Commerce conducted this second administrative review of the antidumping duty order on large power transformers from the Republic of Korea for the period of review August 1, 2013, to July 31, 2014.  *Large Power Transformers From the Republic of Korea*, 81 Fed. Reg. 14,087 (Dep't Commerce Mar. 16, 2016) (final results of antidumping duty admin. review; 2013–2014) ("*Final Results*"), ECF No. 27-2; and accompanying Issues and Decision Mem., A-580-867 (Mar. 8, 2016), ECF No. 27-2.  The court assumes familiarity with its earlier opinions resolving substantive issues this case.  *See ABB Inc. v. United States* ("*ABB I*"), 41 CIT \_\_\_, 273 F. Supp. 3d 1200 (2017); *ABB Inc. v. United States* ("*ABB II*"), 42 CIT \_\_\_, 355 F. Supp. 3d 1206 (2018), *recons. denied*, 43 CIT \_\_\_, 375 F. Supp. 3d 1348 (2019); *ABB Inc. v. United States* ("*ABB III*"), Slip Op. 20-21, 2020 WL 996919 (CIT Feb. 19, 2020).

     Briefly, Defendant-Intervenor Hyosung Corporation ("Hyosung") [2] and Plaintiff ABB Inc. ("ABB") filed separate motions for judgment on the agency record challenging certain aspects of the *Final Results*, and Defendant United States ("the Government") responded by requesting a remand for Commerce to reconsider issues raised by ABB: the agency's treatment of certain U.S. commission expenses incurred by Hyosung and

---

[2] On August 29, 2019, the court granted Hyosung's motion for partial final judgment and to amend the statutory injunction, thereby granting final judgment with respect to all of Hyosung's counts and Count I of ABB's Complaint as it relates to Hyosung.  *See* Order (Aug. 29, 2019), ECF No. 169.

Court No. 16-00054										Page 3

Defendant-Intervenors Hyundai Heavy Industries Co., and Hyundai Corporation USA (together, "Hyundai") and Hyundai's sales-related revenue. *See ABB I*, 273 F. Supp. 3d at 1203–04. The court granted the Government's request for remand and rejected arguments raised by Hyosung. *Id.* at 1205–06, 1208–12.

Commerce filed the first remand results on February 9, 2018. Confidential Final Results of Redetermination Pursuant to Court Remand (Feb. 9, 2018) ("First Remand Results"), ECF No. 96. Therein, for certain services that Hyundai provided to unaffiliated customers, Commerce capped service-related revenue by the amount of associated service-related expenses. *Id.* at 6–8, 19–25. Commerce also applied partial facts available with an adverse inference (or "partial AFA") in connection with service-related revenues. *Id.* at 24.

While the court sustained Commerce's resort to facts available, the court remanded the First Remand Results with respect to Commerce's use of an adverse inference and they agency's application of a cap to so-called service revenue for those transactions for which substantial evidence did not support a finding that the services at issue were separately negotiable. *See ABB II*, 355 F. Supp. 3d at 1220–23.[3]

In the second remand results, Commerce did not cap revenue for transactions for which substantial evidence did not support a finding that the services were separately negotiable with third parties consistent with the court's instructions in *ABB II*. *See*

---

[3] In the First Remand Results, Commerce also revisited its methodology for making home market commission offsets for U.S. commissions incurred in the United States, which the court sustained. *See ABB II*, 355 F. Supp. 3d at 1211–15.

Confidential Final Results of Redetermination Pursuant to Court Remand (Apr. 26, 2019) ("Second Remand Results"), at 17–28, 20–22, ECF No. 149.  With respect to two transactions, Commerce made circumstance of sale adjustments to normal value for services identified as delayed delivery charges.  *Id*. at 17–18.  Commerce also further explained its use of an adverse inference, noting that Hyundai "failed to cooperate to the best of its ability with regard to the reporting of service-related revenue" because Hyundai had the ability to report the information but failed to do so in response to Commerce's information requests.  *Id*. at 14–15.

      The court remanded Commerce's circumstance of sale adjustments for the delayed delivery charges but otherwise sustained the Second Remand Results.  *See ABB III*, 2020 WL 996919 at *3.  The court explained that, pursuant to 19 C.F.R. § 351.410, a circumstance of sale adjustment involves "an actual or implied *expenditure* by the respondent."  *Id*. at *6 (quoting *Habaş Sinai Ve Tibbi Gazlar Istihsal Endüstrisi, A.Ş. v. United States*, 43 CIT ___, ___, 415 F.Supp.3d 1195, 1211 (2019)).  Because the delayed delivery charges are revenue for Hyundai, Commerce's use of a circumstance of sale adjustment for them was not in accordance with the law.  *See id*. at *6–7.

      In the Third Remand Results, Commerce removed the circumstance of sale adjustments for the delayed delivery charges to determine Hyundai's normal value.  *See* Third Remand Results at 9.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to subsection 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(i) (2012), and 28 U.S.C. § 1581(c).

The court will uphold an agency determination that is supported by substantial evidence and otherwise in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i). "The results of a redetermination pursuant to court remand are also reviewed for compliance with the court's remand order." *SolarWorld Ams., Inc. v. United States*, 41 CIT \_\_\_, \_\_\_, 273 F. Supp. 3d 1314, 1317 (2017) (citation and internal quotation marks omitted).

## DISCUSSION

Hyundai submitted comments during the remand proceedings agreeing that Commerce's removal of the circumstance of sale adjustments for the delayed delivery charges is consistent with *ABB III*. Third Remand Results at 10. ABB also does not object to the Third Remand Results. Ltr. from Melissa M. Brewer, Kelley Drye & Warren LLP, to the Court (May 15, 2020), ECF No. 184. No other comments were received. Thus, Commerce's determination is uncontested.

Upon review of the Third Remand Results, Commerce's removal of circumstance of sale adjustments for the delayed delivery charges complies with the court's order in *ABB III* and is otherwise consistent with the agency's regulations governing circumstance of sale adjustments.

## CONCLUSION

There being no challenges to the Third Remand Results, and those results being otherwise lawful and supported by substantial evidence, the court will sustain Commerce's Third Remand Results.  Judgment will enter accordingly.

                                        /s/     Mark A. Barnett
                                      Mark A. Barnett, Judge

Dated:  May 26, 2020
        New York, New York