Slip Op. 23-135

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HITACHI ENERGY USA INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> HYUNDAI HEAVY INDUSTRIES CO., LTD. AND HYUNDAI CORPORATION USA, <br><br> Defendant-Intervenors. | Before: Mark A. Barnett, Chief Judge <br> Court No. 16-00054 |

## OPINION

[Sustaining the U.S. Department of Commerce's fourth remand results.]

Dated: September 19, 2023

R. Alan Luberda, David C. Smith, Joshua R. Morey, Melissa M. Brewer, and Scott M. Wise, Kelley Drye & Warren, LLP, of Washington, DC, for Plaintiff.

John J. Todor, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. Of counsel was David W. Richardson, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

David E. Bond, Ron Kendler, Walter J. Spak, and William J. Moran, White & Case LLP, of Washington, DC, for Defendant-Intervenors.

      **Barnett, Chief Judge:** This matter is before the court following the U.S. Department of Commerce's ("Commerce" or "the agency") fourth redetermination upon remand. See Final Results of Redetermination Pursuant to Ct. Remand (July 25, 2023)

("Fourth Remand Results"), ECF No. 210-1.[1]  The Fourth Remand Results pertain to Commerce's second administrative review of the antidumping duty order concerning large power transformers from the Republic of Korea for the period of review August 1, 2013, through July 31, 2014.  *See Large Power Transformers From the Republic of Korea*, 81 Fed. Reg. 14,087 (Dep't Commerce Mar. 16, 2016) (final results of antidumping duty admin. review; 2013–2014) ("*Final Results*"), ECF No. 27-2, and accompanying Issues and Decision Mem., A-580-867 (Mar. 8, 2016), ECF No. 27-2.

The court has issued several opinions resolving substantive issues raised in this case; familiarity with those opinions is presumed.  *See ABB, Inc. v. United States* ("*ABB I*"), 41 CIT __, 273 F. Supp. 3d 1200 (2017); *ABB Inc. v. United States* ("*ABB II*"), 42 CIT __, 355 F. Supp. 3d 1206 (2018), *recons. denied*, 43 CIT __, 375 F. Supp. 3d 1348 (2019); *ABB Inc. v. United States* ("*ABB III*"), 44 CIT __, 437 F. Supp. 3d 1289 (2020); *ABB Inc. v. United States* ("*ABB IV*"), 44 CIT __, 443 F. Supp. 3d 1354 (2020).  Most relevant for purposes of this opinion, the court in *ABB II and ABB III sustained* Commerce's application of partial adverse facts available (or "partial AFA") in connection with service-related revenues that Hyundai Heavy Industries Co. and Hyundai Corp. USA (together, "Hyundai"), a respondent in the underlying proceeding, failed to report.  *See ABB II*, 355 F. Supp. 3d at 1221–23; *ABB III*, 437 F. Supp. 3d at 1300.  In sustaining the use of partial AFA, the court also sustained Commerce's decision not to issue Hyundai a supplemental questionnaire pursuant to 19 U.S.C.

---

[1] The administrative record associated with Commerce's Remand Results is contained in both Public and Confidential Remand Records, ECF Nos. 211-1, 211-2.

Court No. 16-00054                                                                                                        Page 3

§ 1677m(d).  See *ABB II*, 355 F. Supp. 3d at 1222.  The U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") vacated and remanded that decision, holding that Hyundai should have been afforded the opportunity to supplement the record pursuant to 19 U.S.C. § 1677m(d) and that Commerce's resort to partial AFA was unsupported by substantial evidence.  See *Hitachi Energy USA Inc. v. United States*, 34 F.4th 1375, 1382–86 (Fed. Cir. 2022).[2]  The Federal Circuit's decision led to Commerce's issuance of the Fourth Remand Results.  See Fourth Remand Results at 1; Order (Dec. 16, 2022), ECF No. 200 (ordering remand to Commerce for reconsideration consistent with *Hitachi Energy USA Inc.*).

      On July 25, 2023, Commerce issued its Fourth Remand Results.  Therein, in accordance with *Hitachi Energy USA Inc.*, Commerce reconsidered its *Final Results,* allowing Hyundai to supplement its questionnaire response by providing additional information regarding service-related revenues and expenses.  *Id*. at 1–2.  Commerce accepted this information and recalculated the final antidumping duty margin for Hyundai.  *Id*. at 2.

### JURISDICTION AND STANDARD OF REVIEW

    The court has jurisdiction pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2018) and 28 U.S.C. § 1581(c)

---

[2] On February 24, 2022, the court granted Plaintiff's motion to amend the caption to reflect the Plaintiff's name change to "Hitachi Energy USA Inc."  See Order (Feb. 24, 2022), ECF No. 194.

(2018). The court will uphold an agency determination that is supported by substantial evidence and otherwise in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i).

## DISCUSSION

The deadline for any comments in opposition to the Fourth Remand Results was August 30, 2023. *See* Am. Scheduling Order (July 6, 2023), ECF No. 209. The deadline has lapsed with no comments in opposition having been filed. Commerce's Fourth Remand Results are uncontested and comply with the opinion of the Federal Circuit and the court's remand order for Commerce to provide Hyundai an opportunity to supplement the record with information concerning service-related revenue and subsequently redetermine any dumping margin.

## CONCLUSION

There being no substantive challenge to the Fourth Remand Results, and that decision being otherwise lawful and supported by substantial evidence, the court sustains Commerce's Fourth Remand Results. Judgment will be entered accordingly.

/s/     Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: September 19, 2023
      New York, New York